Filed 12/8/21  P. v. Vega CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN VEGA,<br><br>    Defendant and Appellant. | B308245<br><br>(Los Angeles County<br>Super. Ct. No. BA314454-03) |

APPEAL from a court order of the Superior Court of Los Angeles, County, Michael E. Pastor, Judge.  Reversed and remanded.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Christian Vega appeals the trial court's order denying his petition for resentencing pursuant to Senate Bill No. 1437 (Senate Bill 1437) and Penal Code section 1170.95.[1]

In 2009, the jury found Vega guilty of first degree murder (§ 187, subd. (a) [count 1]), among other crimes, and found true the special circumstance allegation that the murder was committed while Vega was engaged in robbery and attempted burglary (§ 190.2, subd. (a)(17)(A) & (G)). Vega was sentenced to life without the possibility of parole.

After the enactment of Senate Bill 1437, Vega filed a petition for vacatur of the murder conviction and resentencing pursuant to section 1170.95. The trial court appointed counsel and ordered briefing.

At a hearing on the matter, the prosecutor conceded that the jury's special circumstance finding—made before the Supreme Court's issuance of *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*)—did not render Vega ineligible for resentencing. The trial court found Vega had made a prima facie showing of eligibility under *People v. Torres* (2020) 46 Cal.App.5th 1168 (*Torres*), abrogated on another ground in *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*)), and issued an order to show cause.

At the hearing following the order to show cause, the trial court reversed its ruling and denied the petition as a matter of law under *People v. Galvan* (2020) 52 Cal.App.5th 1134, review

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

granted on Oct. 14, 2020, S264284; *People v. Gomez* (2020) 52 Cal.App.5th 1, review granted Oct. 14, 2020, S264033; and *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978, which disagreed with *Torres*.

Vega asserts that he made a prima facie showing that he is entitled to relief under section 1170.95, subdivision (c), and urges us to remand the matter to the trial court to issue an order to show cause and conduct a hearing.

The People respond that the special circumstance allegation required the jury to find that Vega was a major participant in the robbery and attempted burglary who acted with reckless indifference to human life, which precludes Vega from eligibility under section 1170.95. The People acknowledge that there is disagreement among the courts of appeal on this issue, but urge us to reconsider our position in *Torres*. Alternatively, the People argue that this court may analyze the purely legal question of whether Vega's conviction satisfies *Banks* and *Clark*, and deny the petition as a matter of law.

We reverse and remand to the trial court to issue an order to show cause and conduct a hearing pursuant to section 1170.95, subdivision (c).

## DISCUSSION

### *Section 1170.95*

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the

3

actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats. 2018, ch. 1015, § 1, subd. (f).) In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief. (See [*People v.*] *Gentile*[ (2020)] 10 Cal.5th [830,] 843.)" (*Lewis*, *supra*, 11 Cal.5th at p. 959.)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95 subd. (b)(1)(A).)" (*Lewis*, *supra*, 11 Cal.5th at pp. 959–960.)

"Where the petition complies with subdivision (b)'s three requirements, . . . the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).) [¶] If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing . . . . At the hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the

4

petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).)" (*Lewis*, *supra*, 11 Cal.5th at p. 960.)[2]

## *Analysis*

We reject the People's argument that the jury's pre-*Banks* and *Clark* special circumstance finding precludes eligibility. We have explained that "[i]n their wording, the requirements for a special circumstance finding are . . . identical to the requirements for felony murder, as it is currently defined. However, in [*Banks* and *Clark*], our Supreme Court 'construed the meanings of "major participant" and "reckless indifference to human life" "in a significantly different, and narrower manner than courts had previously." (*Torres*, *supra*, 46 Cal.App.5th at p. 1179.)' ([*People v.*] *Smith*[ (2020)] 49 Cal.App.5th [85,] 93, review granted[ Jul. 22, 2020, abrogated on another ground in *Lewis*, *supra*,11 Cal.5th 952].) Where a special circumstance finding was made before *Banks* and *Clark*, the terms 'major participant' and 'reckless indifference' underlying that finding have significantly different meanings than these terms have for purposes of convicting a defendant of murder pursuant to section 189, subdivision (e)(3), as amended by Senate Bill 1437. As a consequence, a pre-*Banks* and *Clark* special circumstance finding cannot preclude eligibility for relief under . . . section 1170.95[, subdivision (c),] . . . because the factual issues that the jury was asked to resolve in a trial that occurred before *Banks* and *Clark* were decided are not the

---

[2] On October 5, 2021, the governor signed Senate Bill No. 775, which amends section 1170.95 effective January 1, 2022. The amendments do not affect the analysis necessary to resolve the instant appeal.

same factual issues our Supreme Court has since identified as controlling." (*People v. York* (2020) 54 Cal.App.5th 250, 258, fn. omitted (*York*), abrogated on another ground in *Lewis*, *supra*, 11 Cal.5th 952.) The People offer no persuasive reason for us to abandon our prior holdings.

We also reject the People's alternative argument that this court may affirm the trial court's ruling by independently reviewing the record to determine whether substantial evidence supports the jury's special circumstance finding, which is a purely legal question. (See *In re Miller* (2017) 14 Cal.App.5th 960, 980 [sufficiency of the evidence supporting a jury's special circumstance finding "is not a 'routine' claim of insufficient evidence" and "does not require resolution of disputed facts; the facts are a given, they are just legally insufficient under section 190.2 as elucidated in *Banks* and *Clark*"].)

Section 1170.95 does not contemplate evaluation of special circumstance findings; it concerns murder convictions. (See *York*, *supra*, 54 Cal.App.5th at p. 260; *People v. Harris* (2021) 60 Cal.App.5th 939, 956–957, review granted Apr. 28, 2021, S267802, abrogated on another ground in *Lewis*, *supra*, 11 Cal.5th 952.) As our Supreme Court recently emphasized, "the prima facie inquiry under subdivision (c) is limited . . . . "'[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' ([*People v. ]Drayton*[ (2020)] 47 Cal.App.5th [965,] 978, quoting Cal. Rules of Court, rule 4.551(c)(1)).)" (*Lewis*, *supra*, at p. 971.) Nothing in the language of section 1170.95 indicates that the Legislature intended that a legal analysis of the sufficiency of a special

6

circumstance be conducted as part of this preliminary assessment, or as part of our review.  Although the Supreme Court has not addressed this issue, its recent precedent suggests that the inquiry consists of a straightforward consultation of the record of conviction that does not include ancillary legal analysis.  Likewise, our review would not include such an analysis.

Here, it cannot be determined from the record of conviction that Vega is ineligible for relief without evaluating the facts; he has therefore made a prima facie showing of entitlement.  The court must issue an order to show cause and hold a hearing, at which it may evaluate new and/or additional evidence offered by the parties as well as record facts.  (§ 1170.95, subds. (c) & (d).)

## DISPOSITION

We reverse the trial court's order denying Vega's section 1170.95 petition and remand for the court to issue an order to show cause and hold a hearing in conformance with this opinion.

MOOR, J.

We concur:

RUBIN, P.J.

KIM, J.

7